UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ERIN JUSTICE,

        Plaintiff,

v.

UNKNOWN DOVE et al.,

        Defendants.
_____/

Case No. 1:22-cv-1080

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 6.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims against Defendant Hill for failure to state a claim. The Court will dismiss Plaintiff's state law claims against Defendant Hill without prejudice because the Court declines to exercise supplemental jurisdiction over them. The Court will also dismiss Plaintiff's RLUIPA claims and state law claims against remaining Defendants Dove and Scrivens. Only the First Amendment free exercise claims against Defendants Dove and Scrivens remain in the case.

**Discussion**

**I.     Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Captain Unknown Scrivens, Lieutenant Unknown Hill, and Corrections Officer Unknown Dove. Plaintiff indicates that he is suing Defendants in their personal capacities. (ECF No. 1, PageID.3.)

Plaintiff alleges that on September 16, 2022, he was called to LRF's control center for a video court appearance. (*Id.*) When he arrived, Defendant Dove instructed Plaintiff to remove his kufi—Plaintiff's religious head covering. (*Id.*) Plaintiff told Defendant Dove that he was a Sunni Muslim and that "policy permitted him to wear his religious head coverings at all times." (*Id.*) Defendant Dove again instructed Plaintiff to remove the kufi, and Plaintiff states that disobeying this order could have resulted in an "institutional misconduct." (*Id.*) Defendant Dove told Plaintiff that Defendant Scrivens "said that all head coverings must be removed, no exceptions even for religious coverings." (*Id.*) Plaintiff told Defendant Dove "that he would not leave his religious coverings in a common closet [and] that he would return it to his cell." (*Id.*) After the video hearing, Plaintiff told Defendant Dove "that policy directive permits the wearing of religious head coverings at all times." (*Id.*, PageID.4.) Defendant Dove "asked what policy permitted that, further stating that she was aware of what policy stated." (*Id.*)

Two days later, Plaintiff filed a grievance regarding the matter. (*Id.*) He was interviewed by Defendant Hill on October 4, 2022. (*Id.*) During the grievance interview, Plaintiff told Defendant Hill that "policy stated he could keep his religious coverings on at all times." (*Id.*) Defendant Hill told Plaintiff "that he was aware of what policy said and that the Plaintiff was wrong, that it was a valid order, to which the Plaintiff asked if [he] was refer[r]ing to the old policy

2

or the new policy." (*Id.*) Defendant Hill responded that the order given to Plaintiff to remove his kufi was proper. (*Id.*) On October 11, 2022, Defendant Hill rejected Plaintiff's grievance, stating that "Plaintiff failed to identify himself as a practicing Muslim, that Defendant Dove could not [have] known that the Plaintiff was a Muslim and that further he did not specify what relief he was seeking." (*Id.*) Plaintiff appealed the rejection of his grievance; his appeals were rejected at Steps II and III. (*Id.*, PageID.5.)

Based on the foregoing, Plaintiff asserts violations of his First Amendment right to freedom of religion, as well as violations of Mich. Comp. Laws § 551.102 *et seq.* (*Id.*) The Court also construes Plaintiff's complaint to assert claims against Defendant Hill related to the rejection of Plaintiff's grievance, as well as claims against all Defendants pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff seeks declaratory and injunctive relief, as well as damages. (*Id.*, PageID.6.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Claims Pursuant to Section 1983

#### 1.    Claims Regarding the Grievance Process

As noted *supra*, the Court has construed Plaintiff's complaint to assert claims against Defendant Hill related to his rejection of Plaintiff's grievance. Plaintiff, however, has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty

interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Hill's conduct did not deprive him of due process.

Moreover, Plaintiff's First Amendment right to petition the government was not violated by Defendant Hill's rejection of his grievance. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Finally, Defendant Hill's action (or inaction) has not barred Plaintiff from seeking a remedy for his complaints. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual

5

injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001). In light of the foregoing, the Court finds that Plaintiff has failed to state a cognizable claim against Defendant Hill premised upon his rejection of Plaintiff's grievance.

### 2. First Amendment and RLUIPA Claims

Plaintiff contends that Defendants violated his First Amendment freedom of religious rights because he was directed to remove his kufi during the video court hearing. The Court has also construed Plaintiff's complaint to assert claims under RLUIPA for the same incident.

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Thus, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held; and

6

(3) Defendants' behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997).

Plaintiff has sufficiently alleged his sincerely held religious beliefs, and there is no doubt that wearing a head covering can constitute a religious practice. The next consideration is "whether the challenged practice of the prison officials infringes upon the religious belief . . . ." *Kent*, 821 F.2d at 1224–25. A practice will not be considered to infringe on a prisoner's free exercise of religion unless it "place[s] a substantial burden on the observation of a central religious belief or practice. . . ." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989); *see also Welch*, 627 F. App'x at 485 (McKeague, J., dissenting) ("To violate the First Amendment, the diet must impose a substantial burden on the inmate's exercise of religion."). "[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). "[A] 'substantial burden' is a difficult threshold to cross." *Id.* at 736. Such a burden "must place more than an inconvenience on religious exercise." *Id.* at 739 (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2014)). A particular government action will not be considered a substantial burden merely because it "may make [the] religious exercise more expensive or difficult." *Id.*

The Court's analysis of Plaintiff's RLUIPA claim parallels the analysis of his First Amendment free exercise claim. In relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). The term "religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7).

The phrase "substantial burden" is not defined in RLUIPA. The Sixth Circuit has relied upon the Act's legislative history to conclude that the term has the same meaning under RLUIPA as provided by the Supreme Court in its decisions regarding First Amendment free exercise claims. *See Living Water*, 258 F. App'x at 733–34. Thus, a burden is substantial where it forces an individual to choose between the tenets of his religion and foregoing governmental benefits or places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (citations omitted); *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise). A burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise," *see, e.g.*, *Konikov v. Orange Cnty., Fla.*, 410 F.3d 1317, 1323 (11th Cir. 2005), or does not "pressure the individual to violate his or her religious beliefs." *Living Water*, 258 F. App'x at 734. Such conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word "substantial." *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003).

### a. Free Exercise

Here, Plaintiff contends that Defendant Dove ordered him to remove his kufi during the video hearing, despite Plaintiff's contention that MDOC policy permits him to wear his kufi at all times. Plaintiff alleges further that Defendant Dove acted per direction given by Defendant Scrivens, who "said that all head coverings must be removed, no exceptions even for religious coverings." (ECF No. 1, PageID.3.) Taking Plaintiff's allegations in the light most favorable to him, the Court concludes that Plaintiff's First Amendment free exercise claims against Defendants Dove and Scrivens may not be dismissed upon initial review. The Court will, however, dismiss Plaintiff's First Amendment free exercise claims against Defendant Hill because § 1983 liability

may not be imposed simply based upon the denial of an administrative grievance or a failure to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

### b.  RLUIPA

RLUIPA does not create a cause of action against an individual in that individual's personal capacity. *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 331 (5th Cir. 2009), *aff'd Sossamon v. Texas*, 563 U.S. 277 (2011)[1]; *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("[RLUIPA] does not create a cause of action against state employees in their personal capacity."); *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) ("RLUIPA does not provide a cause of action against state officials in their individual capacities . . . .").[2] As noted above, Plaintiff sues Defendants in their personal capacities only. Therefore, any RLUIPA claims against Defendants will be dismissed.

### B.  State Law Claims

Plaintiff also references violations of Mich. Comp. Laws § 551.102 *et seq.* (ECF No. 1, PageID.5.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924

---

[1] The Supreme Court granted certiorari only on the question "Whether an individual may sue a State or state official in his official capacity for damages for violation of" RLUIPA. *Sossamon v. Texas*, 560 U.S. 923 (2010). Thus, the Supreme Court left undisturbed and unreviewed the Fifth Circuit's holding that "RLUIPA does not create a cause of action against defendants in their individual capacities." *Sossamon*, 560 F.3d at 331.

[2] In *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014), the Sixth Circuit analyzed whether Congress's spending power permitted a RLUIPA damages claim against an individual prison official in the official's personal capacity. The court rested its determination that such claims were not permitted on its conclusion that "appropriate relief" under RLUIPA was not a sufficiently clear statement to authorize such a damages claim. *Id*. at 567–69. The court stopped short of adopting the reasoning that swayed the Fifth Circuit in *Sossamon* and subsequent federal circuit court panels. *Haight*, however, did not squarely present the issue whether a personal capacity suit for injunctive or declaratory relief might be available.

(1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertions that Defendants violated state law, therefore, fail to state a claim under § 1983.

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Because the Court has dismissed Plaintiff's federal claims against Defendant Hill, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims against him. Such claims will be dismissed without prejudice to Plaintiff's ability to bring those claims in state court. Even though Plaintiff continues to have pending federal claims against Defendants Dove and Scrivens at this time, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Dove and Scrivens too.  The state law statutes Plaintiff references have to do with marriage and are not related in any meaningful way to Plaintiff's Section 1983 claims.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims against Defendant Hill will be dismissed for failure to

state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will also dismiss Plaintiff's RLUIPA claims against remaining Defendants Dove and Scrivens. All state law claims against all Defendants will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over them.  Only Plaintiff's First Amendment free exercise claims against Defendants Dove and Scrivens remain in the case.

    An order consistent with this opinion will be entered.


Dated:      January 31, 2023                          /s/ Robert J. Jonker
                                                                             Robert J. Jonker
                                                                             United States District Judge